UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA

CASE NO.

RANDIGALE SMITH,

    Plaintiff(s),

vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant(s).    /
_____

## COMPLAINT

The Plaintiff, RANDIGALE SMITH ("SMITH"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. The action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. The Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SMITH brings the action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SMITH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in the District under 29 USC 1132 (e)(2), in that the defendant, AETNA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. The case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SMITH by AETNA.

6. SMITH was at all times material an employee of Progressive Casualty Insurance Company

7. SMITH was at all times material a plan participant under the Progressive Casualty Insurance Company Group Long-Term Disability Benefits Policy, Policy Number GP 468594 (the "LTD Policy"), which was issued by AETNA to Progressive Casualty Insurance Company (Policyholder) and is pursuant to which SMITH is entitled to benefits. A copy of the LTD Policy that was provided by AETNA to SMITH has been attached hereto as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. AETNA is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, AETNA administered the claim with a conflict of interest and the bias they created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

11. AETNA is the fiduciary charged with making benefit determinations under the LTD Policy including the determinations made on SMITH's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, SMITH is entitled to LTD benefits for the duration of her disability, or until age 66 years and 10 months, so long as he remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy,

> Your Long-Term Disability (LTD) plan says you have to be 'totally disabled' to get benefits. It defines 'totally disabled' as:
>
> "Test of Disability
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> - Your earnings are 80% or less of your adjusted predisability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

14. At all relevant times, SMITH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since approximately January 4, 2018, SMITH has been disabled under the terms of the LTD Policy.

16. Since approximately January 4, 2018, as a result of Injury or Sickness, SMITH has been unable to perform with reasonably continuity the Substantial and Material Acts necessary to pursue her Usual Occupation and he has not been working in her Usual Occupation.

17. Since approximately January 4, 2018, as a result of Injury or Sickness, SMITH has been not able to engage with reasonably continuity in any occupation in which he could reasonably be expected to perform satisfactorily in light of her age, education, training, experience, station in life, and physical and mental capacity.

18. At all relevant times, SMITH has been under the appropriate and regular care and treatment of a physician.

19. At all relevant times, SMITH was a Covered Person under the LTD Policy.

20. By letter dated June 7, 2018, SMITH was informed by AETNA that her claim for LTD benefits was denied.

21. SMITH properly and timely submitted an appeal of AETNA's June 7, 2018 denial letter.

22. By letter dated March 25, 2018, AETNA notified SMITH that it was upholding its previous decision to deny LTD benefits beyond April 5, 2018 and that all administrative remedies had been exhausted.

23. At all relevant times, SMITH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

24. From January 4, 2018 to the present date, SMITH has not received benefits owed to her under the LTD Policy despite SMITH's right to these benefits.

25. AETNA has refused to pay SMITH's LTD benefits beyond January 4, 2018.

26. At all relevant times, AETNA was the payer of benefits.

27. At all relevant times, AETNA was the "Insurance Company" identified throughout the LTD Policy.

28. At all relevant times, AETNA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

29. At all relevant times, SMITH has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Policy.

30. SMITH has been forced to retain the services of the undersigned counsel in order to prosecute the action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

31. SMITH incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. The is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), SMITH, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

34. SMITH has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of AETNA's failure to pay her disability benefits.

35. SMITH has exhausted all administrative remedies under the LTD Policy.

36. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to SMITH at a time when AETNA knew, or should have known, that SMITH was entitled to those benefits under the terms of the LTD Policy, as SMITH was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of SMITH's claim for LTD benefits;

    (c) After SMITH's claim was terminated in whole or in part, AETNA failed to adequately describe to SMITH any additional material or information necessary for SMITH to perfect her claim along with an explanation of why such material is or was necessary.

        (d)    AETNA failed to properly and adequately investigate the merits of SMITH's disability claim and failed to provide a full and fair review of SMITH's claim.

37. SMITH believes and therefore alleges that AETNA wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which SMITH is presently unaware, but which may be discovered in the future litigation and which SMITH will immediately make AETNA aware of once said acts or omissions are discovered by SMITH.

38. Following the termination of benefits under the LTD Policy, SMITH exhausted all administrative remedies required under ERISA, and SMITH has performed all duties and obligations on her part to be performed under the LTD Policy.

39. As a proximate result of the aforementioned wrongful conduct of AETNA, SMITH has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a furthe direct and proximate result of the improper determination regarding SMITH's claim for benefits, SMITH, in pursuing the action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SMITH is entitled to have such fees and costs paid by AETNA.

41. The wrongful conduct of AETNA has created uncertainty where none should exist, therefore, SMITH is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, RANDIGALE SMITH prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing the action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as the Court deems just and proper.

DATED: July 19, 2019

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

        */s/ Rachel Alters*
        RACHEL F. ALTERS, ESQUIRE
        Florida Bar No.: 106232
        Email: Rachel@diattorney.com